UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LAFONE JONES**                                                                                         **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:09-CV-89-H**

**CHILD SUPPORT DIVISION**                                               **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Lafone Jones, filed a *pro se*, *in forma pauperis* civil rights complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff's complaint names as Defendant, "Child Support Division." Plaintiff states as his claim that Defendant "took taxes for one child that I am currently paying support for and didn't consider my other children." He states that he does not believe that his entire paycheck should go to his grown son, leaving out his young daughter and that he thinks "this is unconstitutional and prejudice and violates my civil rights." As relief he states "stop taking my taxes[,] give half reimbursement to my daughters[, and] change the law."

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It appears that Plaintiff is seeking the modification or overturning of a state court order deciding the issue of child support. Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Briscoe v. Jackson*, 285 F. App'x. 205, 207 (6th Cir. 2008); *Scotti v. Brennan*, No. 09-11953, 2009 WL 1689892, at *2 (E.D. Mich. June 16, 2009) ("United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.")

Furthermore, domestic relations law is governed by state law and state institutions. Principles of federalism preclude federal court challenges to state court orders in child custody and child support matters. *See, e.g., Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979); *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (federal action alleging constitutional infirmity in state parental-rights proceeding could not be maintained under § 1983). If Plaintiff is dissatisfied with the ruling of a state court, he must either appeal those rulings in a timely manner or request that the court modify its ruling. Thus, Plaintiff's challenge to the state's child-support order must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, his claim that his civil rights have been violated because he must pay child support to his grown son without consideration to his daughters is entirely conclusory. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: July 23, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4412.009

3